1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM PURSLEY,

                Plaintiff,

v.

DENNISS TABB *et al*.,

                Defendants.

Case No.  C08-5105BHS/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:**

**July 11, 2008**

     This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendants motion to dismiss (Dkt # 8). Plaintiff has responded (Dkt. # 10). Having reviewed the complaint, the motion , the response, and the remainder of the file, the court concludes that because an adequate state tort remedy exists, plaintiff has failed to state a claim. This action should be dismissed with the dismissal counting as a strike pursuant to 28 U.S.C. 1915 (g).

## FACTS

     On November 18, 2006, plaintiff's cell at Mc Neil Island Corrections Center was randomly searched (Dkt. # 5 Page 5). Plaintiff alleges certain personal property was taken (Dkt. # 5, page 5). Plaintiff alleges proof that he owned the items taken can be found in the property room records and files. Plaintiff specifically claims that defendants acted contrary to Department of Corrections Policy in disposing

REPORT AND RECOMMENDATION
Page - 1

of his personal property when he could not prove ownership (Dkt. # 5, page 6). This action followed. Plaintiff alleges a violation of his right to Due Process under the Fourteenth Amendment to the United States Constitution.

Plaintiff also alleges the grievance he filed was not adequately investigated. He brings a claim against the person who prepared his grievance response for failing to prevent disposal of his property and denial of due process (Dkt # 5, page 8).

Defendants move to dismiss and argue the complaint fails to state a claim because there is no due process violation for random unauthorized takings of this nature as long as the State provides an adequate post deprivation system for the claim (Dkt # 8). Defendant's allege the Washington State Tort Claims Act allows for a claim of this nature and is an adequate remedy. Further, defendants note there is no right to a grievance system, and any claim against the grievance coordinator for failing to protect the property is also barred as the State Tort Claims Act provides relief.

## STANDARD OF REVIEW

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

## DISCUSSION

Plaintiff's complaint does not allege facts sufficient to establish that a defendant's conduct deprived him of a federally protected or constitutional right, privilege, or immunity. An unauthorized deprivation of property does not constitute a due process violation if a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517 (1984). It appears plaintiff has such a remedy available to him here. RCW 4.92 (claims against the State) and RCW 4.96 (claims against local government entities), Washington's tort claims provisions, provide a damages remedy to persons who have suffered from the tortious conduct of the State, local government, or their political subdivisions. These state actions are

subject to statutes of limitations.  See RCW 4.16.

Plaintiff's claim for the grievance investigation in this matter fairs no better.  The grievance was investigated, and plaintiff received an answer to his grievance at every level.  Plaintiff is not entitled to the answer of his choice.  There is no constitutional right to a grievance system.  Mann v. Adams, 855 F.2d 639 (9th Cir. 1988).  Any claim against defendant Tabb, the grievance coordinator, for loss of the property is barred because there is a state remedy.  No claim exists for the handling of grievances because there is no right to a grievance system.

This action fails to state a claim and should be dismissed.  This dismissal would count as a strike pursuant to 28 U.S.C. 1915 (g).  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 11, 2008**, as noted in the caption.

DATED this 10 day of June, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge